LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7122 GAF (SSx) | Date | November 3, 2009 |
|---|---|---|---|
| Title | Carla Giesen et al v. US Bancorp et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   (In Chambers)

## ORDER RE: MOTION TO DISMISS

### I. INTRODUCTION AND BACKGROUND

On July 26, 2006, Carla Giesen and her husband Bryan Giesen ("Plaintiffs") entered into a closed-end consumer credit transaction wherein they refinanced the loan on their principal residence with Defendant U.S. Bancorp ("USB"). (Notice of Removal, Docket No. 1, Ex. A, ¶ 6.) Defendant U.S. Century Mortgage ("USCM") brokered this transaction. (Id.) According to the terms of the transaction, the first trust deed, in the amount of $267,750, provided for an initial interest rate of 7.534% per annum. (Id. ¶ 7.) However, this rate was effective for only four days. (Id.) On August 1, 2006, the rate changed to a "teaser" rate of 3.2%. (Id.) The teaser rate then controlled for a period of one month. (Id.) On September 1, 2006, the rate changed again, and was calculated by adding 3.65% to the current index, adjusting every month thereafter. (Id.) Plaintiffs claim that the sudden increase in their loan's interest rate goes unnoticed because the minimum monthly payment of $989.63 continues to be calculated at a rate less than the teaser rate of 3.2 percent, and any unpaid interest is added to the principal amount of the loan. (Id.)

Plaintiffs claim that this fluctuating interest rate was a "misleading business practice," and that USB and USM (collectively, "Defendants") coerced them into executing the loan through other "misleading business practices." (Id. ¶¶ 7-8.) Therefore, on July 27, 2009, Plaintiffs notified USB that they were rescinding their loan pursuant to the Federal Truth in Lending Act ("TILA"). (Id., Ex. B [July 27, 2009 letter from Plaintiffs' counsel to USB rescinding Plaintiffs' loan].) On that same day, Plaintiffs instituted the present lawsuit against Defendants in Los Angeles Superior Court for TILA rescission and damages. (Id., Ex. A, ¶¶ 13-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7122 GAF (SSx) | Date | November 3, 2009 |
|---|---|---|---|
| Title | Carla Giesen et al v. US Bancorp et al | | |

16.) Plaintiffs also asserted a claim under California's Unfair Competition Law ("UCL"). (Id. ¶¶ 17-23.)  On September 30, 2009, Defendant USB removed the case to federal court.

Now before the Court is Defendant USB's motion to dismiss Plaintiffs' complaint for failure to state a claim.  For the reasons set forth below, Plaintiffs' claims are **DISMISSED** with leave to amend.

## II. DISCUSSION

**A.  RULE 12(B)(6) LEGAL STANDARD**

On a motion to dismiss brought pursuant to Rule 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe those facts and draw all reasonable inferences therefrom "in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007).  A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond doubt that the alleged facts, even if true, will not entitle the plaintiff to relief on the theories asserted.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560–61 (2007); Stoner, 502 F.3d at 1120–21; see also Cahill, 80 F.3d at 338.

**B.  APPLICATION**

**1.  PLAINTIFFS' TILA CLAIM**

Plaintiffs first seek rescission of the loan agreement between themselves and Defendant USB, claiming a right of rescission under 15 U.S.C. § 1635(f), enacted pursuant to the federal Truth in Lending Act ("TILA").  Plaintiffs' claim is based, in part, on allegations that "loans of this nature must conspicuously disclose Negative Amortization features in the Truth in Lending Act Disclosure Statement" and that the "Statement provided to Plaintiffs...makes no mention of the fact that the loan will Negatively Amortize." (Notice of Removal, Ex. A, ¶ 9.) However, even where the "information and forms required" by TILA have not been delivered, an "obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f); see also Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003).

Plaintiff consummated the loan agreement on July 26, 2006 (Notice of Removal, Ex. A, ¶ 6.), and the three-year statute of limitations would have therefore expired on July 26, 2009. See King v. California, 784 F.2d 910, 915 (9th Cir. 1986) (noting that the three years begin at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7122 GAF (SSx) | Date | November 3, 2009 |
|---|---|---|---|
| Title | Carla Giesen et al v. US Bancorp et al | | |

"consummation of the transaction") (internal quotation marks omitted). On the face of the complaint, then, it appears that Plaintiffs' TILA claim is time-barred.

Plaintiffs' Superior Court complaint was not filed until July 27, 2009, one day after the three-year time period expired. (Notice of Removal, Ex. A.) Additionally, while Plaintiffs claim in the complaint (Id. ¶ 11) and their opposition (Opp. at 5.) that they sent Defendant USB written notice of rescission on July 24, 2009, the actual letter attached to the complaint is dated July 27, 2009. (Notice of Removal, Ex. A, at Ex. B.) Thus, absent allegations that are plainly contradicted by their own exhibits, Plaintiffs provide no evidence that a notice of rescission was delivered prior to July 26, 2009.

In Beach v. Ocwen Federal Bank, 523 U.S. 410 (1998), the Supreme Court considered the three-year limitation on the right of rescission in 15 U.S.C. § 1635(f). 523 U.S. at 417. The Court unanimously held that the statute governed not only the "time for bringing a suit" but also "the life of the underlying right [to rescind] as well." Id. Thus, section 1635(f) "talks not of a suit's commencement but of a right's duration." Id. The Court reasoned that "a statutory right of rescission could cloud a bank's title on foreclosure," and that "Congress may well have chosen to circumscribe that risk" by limiting the very existence of the right to rescind to a three-year time period. Id. at 418. Therefore, the Court concluded, "we respect Congress's manifest intent by concluding that [TILA] permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." Id. at 419. Section 1635(f) is "a statute of repose, depriving the federal courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161 (9th Cir. 2002).

Plaintiffs cite Krajci v. Provident Consumer Discount Co., 525 F. Supp. 145 (E.D.Pa. 1981), to the effect that under Federal Rule of Civil Procedure 6(a), Plaintiff's deadline to file a TILA claim can be extended. 525 F. Supp. at 150. Because the last date to file a TILA damages claim under 15 U.S.C. § 1640(e) fell on a weekend, the Krajci court extended the deadline to a Monday. Id. However, as the Supreme Court noted in Beach, sections 1635(f) and 1640(e) govern different types of TILA claims. See Beach, 523 U.S. at 418. Once the three-year time limit on the section 1635(f) right elapses, the right of rescission is "completely extinguishe[d]." Id. at 412. The Federal Rules of Civil Procedure may not "abridge, enlarge or modify any substantive right." Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 503 (2001) (citing 28 U.S.C. § 207(b)); accord Miguel, 309 F.3d at 1165 (stating that Federal Rule of Civil Procedure 15(c) could not be used to extend a litigant's TILA rescission right). While Plaintiffs in this case filed their complaint one day after the right of rescission expired, courts have strictly enforced the three-year period. See Dye v. Ameriquest Mortgage Co., 289 Fed. App'x 941 (Table), No. 08-1172 (7th Cir. Aug. 15, 2008) (finding rescission claim time-barred where it was

LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7122 GAF (SSx) | Date | November 3, 2009 |
|---|---|---|---|
| Title | Carla Giesen et al v. US Bancorp et al | | |

filed 37 days after three-year period elapsed).

Because Plaintiffs have not shown that they exercised their TILA right to rescind within the three-year statutorily-defined period, they cannot show any right to relief under a TILA-rescission theory, and their claim is **DISMISSED**. See Twombly, 550 U.S. at 650-61; Stoner, 502 F.3d at 1120–21. Plaintiffs further admit that any TILA damages are "sought for Defendant's failure to properly respond to Plaintiffs' rescission notice." (Opp. at 5.) Thus, their TILA damages claims also fail, and are **DISMISSED**.

### 2. PLAINTIFFS' UCL CLAIM

Plaintiffs assert that USB and USCM have violated California's Unfair Competition Law ("UCL"). To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert the violation of any other law. Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). Because the Court has determined that Plaintiffs cannot bring a TILA rescission claim, they have no basis on which to bring a UCL claim. Thus, this cause of action is also **DISMISSED**.

### III. CONCLUSION

As discussed above, Plaintiffs' complaint and their letter regarding rescission are inconsistent regarding the actual date on which notice of rescission was mailed. Although it appears that Plaintiffs did not mail written notice of rescission within the three-year statutory period, the complaint indicates that notice of rescission may have been sent on July 24, 2009.

Therefore, the Court **DISMISSES** Plaintiffs' complaint, but gives Plaintiffs leave to amend their complaint by **November 10, 2009**, providing proof that their rescission letter was sent prior to July 26, 2009. If Plaintiffs fail to do so, the complaint will be **dismissed with prejudice**.

The hearing scheduled for November 9, 2009, is hereby **VACATED**.

**IT IS SO ORDERED.**