Stephen P. Collette (SB# 186439)
STEPHEN P. COLLETTE & ASSOCIATES
811 Wilshire Blvd., Suite 1200
Los Angeles, CA 90017
Telephone: (213) 542-8272
Facsimile: (562) 684-4531
E-mail: Stephen_Collette@hotmail.com

Attorney for Plaintiffs CARLA GIESEN and BRYAN GIESEN

FILED

2009 NOV 10 PM 3:19

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA GIESEN, an individual; and BRYAN GIESEN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. BANCORP (f/k/a Downey Savings and Loan), a Delaware Corporation; U.S. CENTURY MORTGAGE, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: CV-0 9-7122 GAF (SSx)<br><br>*[Assigned for all purposes to the Hon. Gary A. Feess, Ctrm. 740]*<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Plaintiffs CARLA GIESEN and BRYAN GIESEN (hereinafter collectively "Plaintiffs") allege as follows:

1

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

## I.    PARTIES

1.  Plaintiff CARLA GIESEN (hereinafter "Mrs. Giesen") is, and at all times relevant hereto was, an individual residing in Los Angeles County in the State of California.

2.  Plaintiff BRYAN GIESEN (hereinafter "Mr. Giesen") is, and at all times relevant hereto was, an individual residing in Los Angeles County in the State of California.

3.  Plaintiffs are informed and believe, and on that basis allege, that Defendant U.S. BANCORP (f/k/a Downey Savings and Loan) (hereinafter "USB") is, and at all times relevant hereto was, a Corporation organized and existing under the laws of the State of Delaware and licensed to business in the State of California.

4.  Plaintiffs are informed and believe, and on that basis allege, that Defendant U.S. CENTURY MORTGAGE, INC. (hereinafter "USCM") is, and at all times relevant hereto was, a Corporation organized and existing under the laws of the State of California.

5.  Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sue these defendants by these fictitious names.  Plaintiffs will amend this Complaint to state the true names and capacities of these Doe defendants once ascertained. Plaintiffs are informed and believe, and on that basis allege, that each of the fictitiously named defendants is in some manner responsible for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by said Doe defendants' conduct.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

## II.    BACKGROUND FACTS

6. On July 26, 2006, Bryan and Carla Giesen entered into a closed-end consumer credit transaction wherein they refinanced the loan on their principal residence located at 860 East Avenue J11, Lancaster, CA 93535 with Defendant USB. Defendant USCM brokered this transaction.

7. The First Trust Deed in the amount of $267,750 provides for an initial interest rate of 7.534% per annum. However, this rate exists for only four days. On August 1, 2006, the rate changes to a "teaser" rate of 3.2%. The teaser rate then controls for a period of one month. Finally, on September 1, 2006, the rate changes a third time and begins to be calculated by adding 3.65% to the current index and adjusts every single month thereafter. This sudden increase in the interest rate goes unnoticed because the minimum monthly payment of $989.63 continues to be calculated at a rate less than the teaser rate of 3.2% and the unpaid interest is added to the principal amount of the loan. For this reason, most consumers are unaware or do not fully understand the impact of the interest rate change. Mr. and Mrs. Giesen are victims of this misleading business practice.

8. Other misleading business practices were used to coerce Plaintiffs into this loan. Initially, Mr. and Mrs. Giesen wished to refinance their home loan to lower their monthly payments. They were approached by an agent of Defendant USCM. The agent informed Plaintiffs that they qualified for an exceptionally good loan, a Pay Option ARM loan. However, he did not tell Plaintiffs the loan was Negatively Amortized nor that the principal could increase. The broker described the loan as perfect for Plaintiffs' needs because they could pick the payment that best suited their financial situation in any given month. Mr. and Mrs. Giesen informed the agent that they could not afford to pay more than the minimum

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

payment. The agent said the minimum was all they needed to pay. At no time did he inform Plaintiffs that the loan had the ability to recast or that their required payments could double. Pay Option ARM or Negatively Amortized loans put borrowers at a higher risk of default because when only the minimum payment is made, interest is deferred, the principal balance increases and equity in the home is lost.

9. There exists significant Truth in Lending violations arising from the above-referenced loan. Under the Truth In Lending Act, loans of this nature must conspicuously disclose Negative Amortization features in the Truth In Lending Act Disclosure Statement. The Statement provided to Plaintiffs reveals that the loan contains a variable rate feature, but makes no mention of the fact that the loan will Negatively Amortize. Attached hereto as Exhibit "A" is a true and correct copy of the Truth In Lending Disclosure Statement. In addition, other disclosures in the loan documentation make it unclear that Negative Amortization will occur. For instance, the Note only indicates that the Interest Rate *has the possibility* of increasing from the Teaser Rate, when in fact it is assured that this rate will increase. By inserting uncertainty into the language and disclosures of the loan, it was all but guaranteed that Mr. and Mrs. Giesen would not understand the mechanics of the rate increases nor the fact that his principal balance would increase. Mortgage loans with Negative Amortization or Pay Option ARM features are designed to allow lenders and mortgage brokers to deceive consumers and often results in consumers being placed in loans they cannot afford.

10. Defendant USB originated and began servicing the loan for Mr. and Mrs. Giesen. Defendant USB originated and serviced Plaintiffs' loan with the above-referenced disclosure violation evident on the face of the documents and with full

4

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

knowledge that the loan being purchased was a Negative Amortization loan, the type of loan Plaintiffs could not afford when the loan goes into "recast."

11. On July 24, 2009, Mr. and Mrs. Giesen, by and through their counsel, rescinded the transaction by sending a letter to Defendant USB, U.S. Mail, postage prepaid, certified mail, informing it of their election to rescind the loan. The letter was addressed to Downey Savings (the original lender) at 3501 Jamboree Road, Newport Beach, California 92660. A true and correct copy of the rescission letter and the proof of mailing is attached hereto as Exhibit "B". On July 27, 2009, an additional copy of the rescission letter was sent to U.S. Bancorp at U.S. Bancorp Center, 800 Nicollet Mall, Minneapolis, MN 55402. A true and correct copy of the second letter and proof of mailing is attached hereto as Exhibit "C".

12. Plaintiffs now bring this action for rescission and to address the misleading and unfair business practices of Defendants.

## IV.    CLAIMS

### FIRST CAUSE OF ACTION

### (Rescission – By Plaintiffs Against All Defendants)

13. Plaintiffs reallege and incorporate each allegation of paragraphs 1 through 12 above, as though fully set forth herein.

14. This consumer credit transaction was subject to the Plaintiffs' right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

15. Defendant USB violated 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.19(b) by placing Plaintiffs in a Negatively Amortized loan knowing it was unclear that the loan had a negatively amortizing feature. If a loan's annual percentage rate has the possibility of increasing from it's initial rate and the loan is for a term of more

5

than one year, then the Truth In Lending Disclosure Statement must include specific explanations of changes in outstanding balance and negative amortization. 12 C.F.R. § 226.19(b), and *Federal Reserve Board Official Staff Commentary*, [Regulation Z; Docket No. R-0863] Monday, April 3, 1995).  In other words, the loan documentation for a negatively amortized loan must disclose this feature and the fact that if the borrower makes only the minimum payment that unpaid interest will be added to the balance. Under the Truth In Lending Act, loans of this nature must conspicuously disclose Negative Amortization features in the Truth In Lending Act Disclosure Statement. The Statement provided to Plaintiffs reveals that the loan contains a variable rate feature, but makes no mention of the fact that the loan will Negatively Amortize.  Therefore, in violation of the Truth in Lending Act, 12 C.F.R. § 226.19(b), Defendant USB put Plaintiffs in a loan on their principal dwelling for a term of 30 years where the annual percentage rate was guaranteed to increase and failed to adequately disclose its negative amortization feature and the fact that there could be changes to the outstanding balance. Defendant USB originated the loan with full knowledge of the violations and with the violations apparent on the face of the documentation.

16. By reason of the aforesaid violations of the Truth in Lending Act and Regulation Z, Plaintiffs are entitled to rescind the consumer credit transaction and receive a tender of amounts paid pursuant to the consumer credit transactions as damages. Pursuant to 15 U.S.C 1635(b) and Reg. Z §§226.15(d)(3), after Defendant USB has tendered its proceeds and taken action to reflect that its interest in the security has been eliminated, Plaintiffs will tender their proceeds (and have the ability to do so) given to them by Defendant USB in accordance with applicable statutes and case law.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

## SECOND CAUSE OF ACTION

### (Unlawful And Unfair Business Practices In Violation Of
### Cal Bus. And Prof. Code § 17200 – By Plaintiffs Against All Defendants)

17. Plaintiffs reallege and incorporate each allegation of paragraphs 1 through 16 above, as though fully set forth herein.

18. Defendant USB advertised its loans as low interest loans with the intent to mislead Mr. and Mrs. Giesen and other consumers. Defendant USB was aware that the loans which it was purchasing and servicing contained a misleading clause designed to mislead Mr. and Mrs. Giesen and other consumers, and that Defendant USCM was misleading such consumers.

19. As noted above, Defendant USB placed Plaintiffs in a Negatively Amortized loan knowing that it was unclear that loan had a negatively amortizing feature. This was a clear violation of the Truth In Lending Act which requires the Truth In Lending Disclosure Statement to plainly disclose that a loan may negatively amortize. (12 C.F.R. § 226.19 and *Federal Reserve Board Official Staff Commentary,* [Regulation Z; Docket No. R-0863] Monday, April 3, 1995).

20. These violations were apparent on the face of the documentation and Defendant USB originated and serviced the loan with full knowledge of the violations.

21. Therefore, by the fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, said Defendants have violated California Business and Professions Code § 17200 et seq. by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiffs of money and/or property.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

22. Plaintiffs have suffered injury and damages and has lost income and/or property as a result of Defendant's unfair and unlawful practices in violation of California Business & Professions Code § 17200.

23. As a proximate result of Defendants' violation of the aforementioned statute, an injunction prohibiting Defendants from engaging in the unlawful business practices described above. In addition, Plaintiffs seek an order for disgorgement/restitution of all funds unlawfully obtained or that will be unlawfully obtained from Plaintiffs over the life of the loan as a result of this misleading business practice.

## V.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them (to the extent applicable), as follows:

1.     For rescission of the consumer credit transaction;

2.     For injunctive relief to stop the unlawful business practice described above;

3.     For disgorgement/restitution of all monies unlawfully obtained from Plaintiffs pursuant to Cal. Bus & Prof Code §17203;

4.     For attorney's fees pursuant to 15 U.S.C. § 1640 or as allowed by law and/or contract;

5.     For statutory damages based on Defendants' failure to respond properly to Plaintiffs' recession notice;

6.     For costs of suit herein incurred; and,

7.     For such other and further relief as the Court may deem proper.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Respectfully submitted,

DATED:  November 10, 2009.          STEPHEN P. COLLETTE & ASSOCIATES

By: _____
          STEPHEN P. COLLETTE
          Attorney for Plaintiffs CARLA
          GIESEN and BRYAN GIESEN

PLAINTIFFS' FIRST AMENDED COMPLAINT

# EXHIBIT "A"

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

**Lender:** Downey Savings and Loan Association, F.A.
**3501 Jamboree Road, Newport Beach, CA  92660**

**Application / Loan Number:** 9042354381

**Date:** July 26, 2006

Re: BRYAN KEITH GIESEN
     CARLA RUTH GIESEN

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCE | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 7.642 % | $648,608.04 | $263,195.23 | $911,803.27 |

**PAYMENTS:** Your payment schedule will be as follows -

| Number of Payments | Amount of Payments | | When Payments Are Due |
|---|---|---|---|
| 1 | $989.63 | Monthly Beginning: | 09/01/2006 |
| 11 | $989.63 | | 10/01/2006 |
| 12 | $1,063.85 | | 09/01/2007 |
| 12 | $1,143.64 | | 09/01/2008 |
| 5 | $1,229.41 | | 09/01/2009 |
| 438 | $1,975.64 | | 02/01/2010 |
| 1 | $1,960.46 | | 08/01/2046 |

| Index Type COFI | Current Index Rate 3.884 |
|---|---|

[x] Your loan contains a variable rate feature.  Disclosures about the variable rate feature have been provided to you earlier.

**INSURANCE:** The following insurance is required to obtain credit.   [x] Property Insurance   [ ] Flood Insurance

You may obtain the insurance from anyone you want that is acceptable to the creditor.

**SECURITY:** You are giving a security interest in to :
860 EAST AVENUE J11, Lancaster, CA  93535

**LATE CHARGE:** If a payment is more than  15   days late, you will be charged   6.000   % of the overdue payment.

**PREPAYMENT:** If you pay off early, you

[x] may   [ ] will not   have to pay a penalty.

[ ] may   [x] will not   be entitled to a refund of part of the finance charge.

**ASSUMPTION:** Someone buying your property

[ ] may, subject to conditions   [x] may not   assume the remainder of your loan on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

[x]   (e) means an estimate

See attached Good Faith Estimate for settlement charges.

The undersigned acknowledge receiving and reading a completed copy of the disclosure.

Neither you nor the creditor previously has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure.

| BRYAN KEITH GIESEN | (Date) | CARLA RUTH GIESEN | (Date) |
|---|---|---|---|
| | (Date) | | (Date) |
| | (Date) | | (Date) |
| | (Date) | | (Date) |

NOTE: Payments shown above do not include reserve deposits for taxes, assessments, and property or flood insurance.

REZ.UFF (05/10/04) CR12697 RG

**EXHIBIT "B"**

# STEPHEN P. COLLETTE & ASSOCIATES
## LAW FIRM

July 24, 2009

**CERTIFIED MAIL/**
**RETURN RECEIPT REQUESTED**
Downey Savings
3501 Jamboree Road
Newport Beach, CA 92660

RE:    *Downey Savings Loan No.: 9042354381*
*Property Address: 860 East Avenue J11, Lancaster, CA 93535*
*Borrowers: Bryan and Carla Giesen*

Dear Sir or Madam:

By this official notice, Bryan and Carla Giesen inform you of their election to rescind the above-referenced loan.

On July 26, 2006, Mr. and Mrs. Giesen entered into the above-referenced loan transaction. The Truth in Lending Disclosure Statement failed to adequately inform our client that her loan contained a negative amortization feature. This fraudulent activity is easily determined by a review of the file (A true and correct copy of the defective Truth In Lending Disclosure Statement is attached hereto as Exhibit "A").

For this reason, our client's right to cancel extends for three years. *See* 15 U.S.C. 1635(f); *Semar v. Platte Valley Federal Savings & Loan Association* (9th Cir. 1986) 791 F.2d 699. Therefore, Mrs. Reagen hereby exercises her rescission rights pursuant to the Federal Truth in Lending Act, Regulation Z §226.23. Therefore, this notice is timely given.

In addition, our client reserves her right to raise different or alternative grounds for rescission under state or federal law.

Please contact me to make arrangements to fulfill your tender obligations.

Sincerely,

*Stephen P. Collette*

Stephen P. Collette

Enclosures

811 Wilshire Boulevard, Suite 1200, Los Angeles, California 90017
Tel. (213) 542.8272    Fax. (562) 684.4531

# EXHIBIT "A"

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT**
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Lender: Downey Savings and Loan Association, F.A.
3501 Jamboree Road, Newport Beach, CA 92660

Application / Loan Number: 9042354381

Date: July 26, 2006

Re: BRYAN KEITH GIESEN
CARLA RUTH GIESEN

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCE | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 7.642 % | $648,608.04 | $263,195.23 | $911,803.27 |

PAYMENTS: Your payment schedule will be as follows –

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 1 | $989.63 | Monthly Beginning: 09/01/2006 |
| 11 | $989.63 | 10/01/2006 |
| 12 | $1,083.85 | 09/01/2007 |
| 12 | $1,143.64 | 09/01/2008 |
| 5 | $1,229.41 | 09/01/2009 |
| 438 | $1,975.64 | 02/01/2010 |
| 1 | $1,960.46 | 08/01/2046 |

Index Type COFI                Current Index Rate 3.884

[x] Your loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.

INSURANCE: The following insurance is required to obtain credit.    [X] Property Insurance    [ ] Flood Insurance
You may obtain the insurance from anyone you want that is acceptable to the creditor.

SECURITY: You are giving a security interest in :
860 EAST AVENUE J11, Lancaster, CA  93535

LATE CHARGE: If a payment is more than 15    days late, you will be charged  6.000  % of the overdue payment.
PREPAYMENT: If you pay off early, you
[X] may    [ ] will not have to pay a penalty.
[ ] may    [X] will not be entitled to a refund of part of the finance charge.

ASSUMPTION: Someone buying your property
[ ] may    [X] may, subject to conditions    [ ] may not assume the remainder of your loan on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.
[X]  (e) means an estimate

See attached Good Faith Estimate for settlement charges.
The undersigned acknowledge receiving and reading a completed copy of the disclosure.
Neither you nor the creditor previously has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure.

_____  (Date)        _____  (Date)
BRYAN KEITH GIESEN                       CARLA RUTH GIESEN

_____  (Date)        _____  (Date)

_____  (Date)        _____  (Date)

_____  (Date)        _____  (Date)

NOTE: Payments shown above do not include reserve deposits for taxes, assessments, and property or flood insurance.        REZ.UFF (05/10/01) CR12697 RG

**Left receipt:**

U.S. Postal Service

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

7008 1830 0004 0891 8335

| | |
|---|---|
| Postage | $ .44 |
| Certified Fee | 5.10 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.54 |

Postmark Here 7/27/05

Giesen

Sent To U.S. Bancorp

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006                See Reverse for Instructions

**Right receipt:**

U.S. Postal Service

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

7008 1830 0004 0891 8328

| | |
|---|---|
| Postage | 44 |
| Certified Fee | 5.10 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.54 |

Postmark Here 07/24/09

Giesen

Sent To Downy Savings

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006                See Reverse for Instructions

---

**Middle return receipt card:**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Downey Savings
3501 Jamboree Road
Newport Beach, CA 92660

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JUL 28 2009

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
7008 1830 0004 0891 8328

PS Form 3811, February, 2004        Domestic Return Receipt        102595-02-M-1540

Giesen

---

**Bottom return receipt card:**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Bancorp.
U.S. Bancorp. Center
800 Nicollet Mall
Minneapolis, MN 55402

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X J Horum ☑ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Horum      7-31-09

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☑ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
7008 1830 0004 0891 8335

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# EXHIBIT "C"

# STEPHEN P. COLLETTE & ASSOCIATES
### LAW FIRM

July 27, 2009

**CERTIFIED MAIL/**
**RETURN RECEIPT REQUESTED**
U.S. Bancorp
U.S. Bancorp Center
800 Nicollet Mall
Minneapolis, MN 55402

> RE:  *Downey Savings Loan No.: 9042354381*
> *Property Address: 860 East Avenue J11, Lancaster, CA 93535*
> *Borrowers: Bryan and Carla Giesen*

Dear Sir or Madam:

By this official notice, Bryan and Carla Giesen inform you of their election to rescind the above-referenced loan.

On July 26, 2006, Mr. and Mrs. Giesen entered into the above-referenced loan transaction. The Truth in Lending Disclosure Statement failed to adequately inform our client that her loan contained a negative amortization feature. This fraudulent activity is easily determined by a review of the file. A true and correct copy of the defective Truth In Lending Disclosure Statement is attached hereto as Exhibit "A".

For this reason, our client's right to cancel extends for three years. *See* 15 U.S.C. 1635(f); *Semar v. Platte Valley Federal Savings & Loan Association* (9th Cir. 1986) 791 F.2d 699. Therefore, Mr. and Mrs. Giesen hereby exercise their rescission rights pursuant to the Federal Truth in Lending Act, Regulation Z §226.23. Therefore, this notice is timely given.

In addition, our client reserves her right to raise different or alternative grounds for rescission under state or federal law.

Please contact me to make arrangements to fulfill your tender obligations.

Sincerely,

*Stph P. Colltt*

Stephen P. Collette

enclosure.

# EXHIBIT "A"

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT**
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Lender: Downey Savings and Loan Association, F.A.
3501 Jamboree Road, Newport Beach, CA 92660

Application / Loan Number: 9042354301

Re: BRYAN KEITH GIESEN
    CARLA RUTH GIESEN

Date: July 26, 2006

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCE | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 7.642 % | $648,608.04 | $263,195.23 | $911,803.27 |

PAYMENTS: Your payment schedule will be as follows –

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
|  |  | Monthly Beginning: |
| 1 | $989.63 | 09/01/2006 |
| 1 | $989.63 | 10/01/2006 |
| 11 | $1,063.85 | 09/01/2007 |
| 12 | $1,143.64 | 09/01/2008 |
| 12 | $1,229.41 | 09/01/2009 |
| 5 | $1,975.64 | 02/01/2010 |
| 438 | $1,975.64 | 08/01/2046 |
| 1 | $1,960.46 |  |

Index Type COFI          Current Index Rate 3.884

☒ Your loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.

INSURANCE: The following insurance is required to obtain credit.    ☒ Property Insurance    ☐ Flood Insurance
You may obtain the insurance from anyone you want that is acceptable to the creditor.

SECURITY: You are giving a security interest in:
860 EAST AVENUE J11, Lancaster, CA  93535

LATE CHARGE: If a payment is more than 15 days late, you will be charged 6.000 % of the overdue payment.
PREPAYMENT: If you pay off early, you
☒ may      ☐ will not have to pay a penalty.
☐ may      ☒ will not be entitled to a refund of part of the finance charge.
ASSUMPTION: Someone buying your property
☐ may      ☒ may, subject to conditions    ☐ may not assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.
☒ (e) means an estimate

See attached Good Faith Estimate for settlement charges.
The undersigned acknowledge receiving and reading a completed copy of the disclosure.
Neither you nor the creditor previously has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure.

BRYAN KEITH GIESEN _____ (Date)       CARLA RUTH GIESEN _____ (Date)

_____ (Date)       _____ (Date)

_____ (Date)       _____ (Date)

_____ (Date)       _____ (Date)

NOTE: Payments shown above do not include reserve deposits for taxes, assessments, and property or flood insurance.

REZ.UFF (05/10/04) CR12697 RG

## CERTIFIED MAIL.. RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ .44 |
| Certified Fee | 5-10 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5-54 |

Postmark Here  7/27/05

Giesen

Sent To  U.S. Bancorp
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006    See Reverse for Instructions

7008 1830 0004 0891 8335

---

## CERTIFIED MAIL.. RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 44 |
| Certified Fee | 5-10 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5-54 |

Postmark Here  07/24/09

giesen

Sent To  Downy Savings
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006    See Reverse for Instructions

7008 1830 0004 0891

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)  Jaime Co    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JUL 28 2009

Giesen

1. Article Addressed to:

Downey Savings
3501 Jamboree Road
Newport Beach, CA 9260

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)    7008 1830 0004 0891 8328

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X J Corum    ☑ Agent ☐ Addressee

B. Received by (Printed Name)  Horum    C. Date of Delivery  7-31-09

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☑ No

1. Article Addressed to:

U.S. Bancorp.
U.S. Bancorp Center
800 Nicollet mall
Minneapolis, MN 55402

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)    7008 1830 0004 0891 8335

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

PROOF OF SERVICE

I am over the age of 18 years and am employed at 811 Wilshire Blvd., Suite 1200, Los Angeles, California 90017.

On November 10, 2009, I caused the foregoing document entitled:

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

to be served on the interested parties in this action, addressed as shown in the attached service list:

Eric M. Alderete, Esq.
Office of the General Counsel
U.S. Bank National Association
3121 Michelson Dr., 5th Floor
Irvine, CA 92612

**[X] BY MAIL:** I placed a true copy of the foregoing document in a sealed envelope, addressed to each interested party as set forth above, with first class postage fully prepaid, for collection and mailing pursuant to the ordinary business practices of this office, which correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business.

**[ ] BY OVERNIGHT DELIVERY:** I caused a true copy of the foregoing document to be served by depositing in a box or other facility regularly maintained by the express service carrier, or by delivering to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address above.

**[X] (State)** I declare, under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on November 10, 2009, at Los Angeles, California.

Samuel Boyajian

1
**PROOF OF SERVICE**