1  OFFICE OF THE GENERAL COUNSEL
   ERIC M. ALDERETE, CAL BAR NO. 199565
2  Eric.alderete@usbank.com
   U.S. BANK NATIONAL ASSOCIATION
3  3121 Michelson Drive, 5th Floor
   Irvine, CA  92612
4  Telephone:   949-798-6781
   Facsimile:   949-798-4258'
5
   DANA J. DUNWOODY, Cal. Bar No. 119696
6  ddunwoody@sheppardmullin.com
   J. BARRETT MARUM, Cal. Bar No. 228628
7  bmarum@sheppardmullin.com
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
8    A Limited Liability Partnership
     Including Professional Corporations
9  501 West Broadway, 19th Floor
   San Diego, California  92101-3598
10 Telephone:   619-338-6500
   Facsimile:   619-234-3815
11
   Attorneys for Defendant
12 U.S. Bank National Association, Successor in
   Interest to the Federal Deposit Insurance
13 Corporation as Receiver for Downey Savings
   and Loan Association, F.A.
14

15              UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17

18 CARLA GIESEN, an individual; and         Case No. 09-cv-7122-GAF (SSx)
   BRYAN GIESEN, an individual,
19                                          **U.S. BANK NATIONAL**
                  Plaintiffs,               **ASSOCIATION, SUCCESSOR IN**
20                                          **INTEREST TO THE FEDERAL**
        v.                                  **DEPOSIT INSURANCE**
21                                          **CORPORATION AS RECEIVER**
   U.S. BANK LOAN SERVICES, INC.,           **FOR DOWNEY SAVINGS AND**
22 a Delaware Corporation;                  **LOAN ASSOCIATION, F.A.'S**
   HOMECOMINGS FINANCIAL                    **MOTION TO DISMISS**
23 SERVICES, LLC (f/k/a Homecomings         **PLAINTIFFS' FIRST AMENDED**
   Financial Network, Inc.), a Delaware     **COMPLAINT FOR FAILURE TO**
24 Limited Liability Company; WALL ST.      **STATE A CLAIM**
   MORTGAGE, INC., a California
25 Corporation; and DOES 1 through 50,      Date:      12/21/09
   inclusive,                               Time:      9:30 a.m.
26                                          Crtrm.:    740
                  Defendants.
27                                          Hon. Gary A. Feess

28                                          [Complaint Filed:  July 27, 2009]

---

1

# TABLE OF CONTENTS

2

Page

3

I.     INTRODUCTION ...................................................................................1

4

II.    LEGAL STANDARD ............................................................................2

5

6

III.   DISCUSSION.........................................................................................4

7      A.    Plaintiffs' TILA Rescission Claim Must Be Dismissed For Their
             Failure To Allege Facts Demonstrating Their Ability To Tender
8            The Loan Proceeds.......................................................................4

9

       B.    Plaintiffs' Unlawful And Unfair Business Practices Claim Is
10           Preempted....................................................................................6

11

12           1.    Any TILA damages claim Plaintiffs might bring is time-
                   barred. ................................................................................7

13

14           2.    California law is preempted to the extent Plaintiffs seek to
                   use it to circumvent federal limitations periods imposed on
                   TILA damage claims. .........................................................7

15

16     IV.   CONCLUSION ......................................................................................9

17

18

19

20

21

22

23

24

25

26

27

28

-i-

## TABLE OF AUTHORITIES

Cases

*American Bankers Ass'n v. Lockyer*,
239 F. Supp. 2d 1000 (E.D. Cal. 2002) ...............................................................8

*American Mortgage Network, Inc. v. Shelton*,
486 F.3d 815 (4th Cir. 2007) ............................................................................4, 5

*Angulo v. Countrywide Home Loans, Inc.*,
2009 WL. 3427179 (E.D. Cal., Oct. 26, 2009) ..................................................5

*Ashcroft v. Iqbal*,
556 U.S. ____, 129 S. Ct. 1937, 2009 WL. 1361536 (2009) ...........................3, 6

*Bank of America v. City and County of San Francisco*,
309 F.3d 551 (9th Cir. 2002) ............................................................................7, 8

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955 (2007) ..........................................................................................3

*Cipollone v. Liggett Group, Inc.*,
505 U.S. 504 (1992) ...............................................................................................7

*Fidelity Fed. Sav.& Loan Ass'n v. de la Cuesta*,
458 U.S. 141, 162-63 (1982) ...............................................................................7

*Garza v. American Home Mortgage*,
2009 WL. 188604 (E.D. Cal., Jan. 27, 2009) ..................................................4, 6

*King v. State of California*,
784 F.2d 910 (9th Cir. 1986) ................................................................................7

*LaGrone v. Johnson*,
534 F.2d 1360 (9th Cir. 1976) ..............................................................................4

*Lal v. American Home Mortgage Servicing, Inc.*,
2009 WL. 3126450 (E.D. Cal., Sept. 24, 2009) .................................................5

*M'Culloch v. Maryland*,
17 U.S. (4 Wheat.) 316, 4 L. Ed. 579 (1819) .....................................................8

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ................................................................................2

*Neitzke v. Williams*,
490 U.S. 319 (1989) ...............................................................................................2

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) ................................................................................3

*Rendon v. Countrywide Home Loans, Inc.*,
2009 WL. 3126400 (E.D. Cal., Sept. 24, 2009) .................................................5

-ii-

*Roberts v. Corrothers*,
  812 F.2d 1173 (9th Cir. 1987) ..................................................................... 3

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984) ....................................................................... 2

*Silvas v. E\*Trade Mortg. Corp.*,
  421 F. Supp. 2d 1315 (S.D. Cal. 2006)
  *aff'd* 514 F.3d 1001 (9th Cir. 2008) ........................................................ 8, 9

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ....................................................................... 3

*Thompson v. Davis*,
  295 F.3d 890 (9th Cir. 2002) ....................................................................... 2

*United States v. Locke*,
  529 U.S. 89 (2000) ...................................................................................... 8

*Western Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ....................................................................... 3

*Yamamoto v. Bank of New York*,
  329 F.3d 1167 (9th Cir. 2003) ..................................................................... 4

Statutes

12 C.F.R. § 560.2 ........................................................................................... 8

12 C.F.R. § 560.2(a) ...................................................................................... 8

12 C.F.R. § 560.2(b)(9) ................................................................................. 8

15 U.S.C. § 1635 ............................................................................................ 5

15 U.S.C. § 1635(b) ....................................................................................... 4

15 U.S.C. § 1640 ............................................................................................ 6

15 U.S.C. § 1640(e) ....................................................................................... 7

Cal. Bus. & Prof. Code § 17200 ............................................................ 2, 6, 7, 9

U.S. Const., Art VI, cl.2 ................................................................................. 7

-iii-

MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT

1

2  U.S. Bank National Association, Successor in Interest to the Federal Deposit

3  Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A.

4  ("U.S. Bank") hereby submits its memorandum of points and authorities in support

5  of its motion to dismiss Plaintiffs' First Amended Complaint ("FAC") for failure to

6  state a claim as follows:

## I.

## <u>INTRODUCTION</u>

9  Plaintiffs' FAC is as flawed as Plaintiffs' original complaint.  Plaintiffs'

10  amendment, while it has addressed the statute of limitations problem with their

11  original complaint, has done nothing to remedy the other deficiencies identified by

12  U.S. Bank in its motion to dismiss their original pleading.  Thus, Plaintiffs' FAC

13  should be dismissed for the reasons outlined below.

14  The fundamental flaw with Plaintiff's first claim for relief, for rescission

15  pursuant to the Truth in Lending Act ("TILA"), is that it seeks to turn U.S. Bank

16  into an unsecured creditor that can only hope Plaintiffs have the financial ability to

17  honor their <u>admitted</u> obligation to tender the loan proceeds to U.S. Bank.  Courts

18  within the Ninth Circuit and across the country have recognized the inequity in such

19  a result and have refused to entertain TILA rescission claims without specific

20  allegations demonstrating the plaintiff's ability to tender the loan proceeds if the

21  court were to order rescission.

22  This result makes sense – it would be a waste of all parties' and the Court's

23  resources to take a TILA rescission claim to judgment only to learn that the plaintiff

24  lacks the financial ability to tender the loan proceeds.  Thus, courts have regularly

25  addressed these issues at the pleading stage and have dismissed TILA rescission

26  lawsuits where plaintiffs have been unable to allege facts demonstrating their ability

27  to repay the loan proceeds.  Indeed, some courts have gone so far as to issue orders

28  to show cause requiring plaintiffs to present <u>proof</u> of their ability to tender before

-1-

1 | ruling on a motion to dismiss.  *See e.g. Hernandez v. Wells Fargo Bank, N.A.*, 09-

2 | CV-1910 H, Doc. No. 18 (S.D. Cal. November 12, 2009).

3 |       At the very least, more detailed allegations regarding Plaintiffs' alleged

4 | financial ability to tender are required here.  Plaintiffs admit in their FAC that they

5 | must, as a condition to rescission under TILA, tender the loan proceeds to U.S.

6 | Bank.  Plaintiffs then allege, without any supporting facts, that they have the ability

7 | to tender the $267,750 they admit they received from U.S. Bank.  More is required

8 | under the caselaw interpreting the TILA tender requirement.  Accordingly, U.S.

9 | Bank respectfully requests that the Court dismiss Plaintiffs' TILA rescission claim.

10 |       Plaintiffs' second and final claim for relief, for alleged violations of California

11 | Business and Professions Code section 17200, must also be dismissed.  Plaintiffs

12 | seek to use their section 17200 claim to revive an otherwise time-barred TILA

13 | damages claim, something they clearly may not do under Ninth Circuit law.  Thus,

14 | Plaintiffs' second claim for relief should be dismissed as well.

## II.

## <u>LEGAL STANDARD</u>

17 |       A Rule 12(b)(6) motion tests the sufficiency of the complaint.  *Navarro v.*

18 | *Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule

19 | 12(b)(6) where the complaint lacks a cognizable legal theory.  *Robertson v. Dean*

20 | *Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*,

21 | 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on

22 | the basis of a dispositive issue of law.").  Alternatively, a complaint may be

23 | dismissed where it presents a cognizable legal theory yet fails to plead essential

24 | facts under that theory.  *Robertson*, 749 F.2d at 534.

25 |       In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume

26 | the truth of all properly pled factual allegations and must construe them in the light

27 | most favorable to the nonmoving party.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th

28 | Cir. 2002), *cert denied*, 538 U.S. 921 (2003).  While the allegations of the complaint

-2-

1   are generally accepted as true, the complaint must allege "enough facts to state a

2   claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.

3   Ct. 1955, 1974 (2007). "[A] plaintiff's obligation to provide 'grounds' of his

4   'entitlement to relief requires more than labels and conclusions, and a formulaic

5   recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (internal

6   quotation and citation omitted). "Nor does a complaint suffice if it tenders 'naked

7   assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U. S.

8   ____,  129 S.Ct. 1937, 2009 WL 1361536 (2009) (Slip. op. at 14).

9        Further, legal conclusions need not be taken as true merely because they are

10   cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177

11   (9th Cir. 1987); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

12   "Nor is the court required to accept as true allegations that are merely conclusory,

13   unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden*

14   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (9th

15   Cir. 2001). When ruling on a motion to dismiss, the court may consider the facts

16   alleged in the complaint, documents attached to the complaint, documents relied

17   upon but not attached to the complaint when authenticity is not contested, and

18   matters of which the court takes judicial notice. *Parrino v. FHP, Inc.*, 146 F.3d 699,

19   705-06 (9th Cir. 1998).

20        "To survive a motion to dismiss, a complaint must contain sufficient factual

21   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

22   *Ashcroft v. Iqbal*, 556 U. S. ____, (Slip. op. at 14). "A claim has facial plausibility

23   when the plaintiff pleads factual content that allows the court to draw the reasonable

24   inference that the defendant is liable for the misconduct alleged." *Id*. "The

25   plausibility standard is not akin to a 'probability requirement,' but it asks for more

26   than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a

27   complaint pleads facts that are 'merely consistent with' a defendant's liability, it

28   'stops short of the line between possibility and plausibility of 'entitlement to relief.'"

-3-

1  *Id.*  "Rule 8 marks a notable and generous departure from the hyper-technical, code-

2  pleading regime of a prior era, but it does not unlock the doors of discovery for a

3  plaintiff armed with nothing more than conclusions."  *Id.*

**III.**

**DISCUSSION**

6  A.    Plaintiffs' TILA Rescission Claim Must Be Dismissed For Their Failure To

7        Allege Facts Demonstrating Their Ability To Tender The Loan Proceeds.

8        Plaintiffs claim that U.S. Bank violated TILA by allegedly failing to properly

9  disclose the negative amortization features of their loan.  (FAC ¶ 15.)  Based upon

10  this violation, Plaintiffs purport to have cancelled their loan via a July 24, 2009

11  letter sent by their attorney to U.S. Bank.  (FAC ¶ 11.)

12        To obtain rescission pursuant to TILA, "an obligor shall tender the property to

13  the creditor."  15 U.S.C. § 1635(b).  That is, "prior to ordering rescission based on a

14  lender's alleged TILA violations, a court may require borrowers to prove ability to

15  repay loan proceeds."  *Garza v. American Home Mortgage*, 2009 WL 188604 at \*4,

16  (E.D. Cal., Jan. 27, 2009) (granting motion to dismiss where the complaint failed to

17  sufficiently allege facts demonstrating the plaintiff's ability to repay the loan

18  proceeds).  "[R]escission should be conditioned on repayment of the amounts

19  advanced by the lender."  *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th

20  Cir. 2003); *see LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976) ("[T]he

21  district court erred in not conditioning rescission on the tender of the net amounts

22  advanced by the [lender].").  If the borrowers are "unable to tender the loan

23  proceeds, the remedy of unconditional rescission [is] inappropriate."  *American*

24  *Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007).

25        Plaintiffs do not allege that they have tendered the remaining loan proceeds,

26  nor do they provide any facts to support their conclusory allegation that they have

27  the ability to do so.  The best they do is plead that, "after Defendant USB has

28  tendered its proceeds and taken action to reflect that its interest in the security has

-4-

MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT

1   been eliminated, Plaintiffs will tender their proceeds (and have the ability to do so)

2   given to them by Defendant USB in accordance with applicable statutes and case

3   law." (FAC ¶ 16.) This is not enough. The tender requirement (and the fact that

4   courts generally require the tender prior to rescission) is meant to protect the lender

5   against becoming an unsecured creditor of a borrower who cannot pay back the

6   substantial loan money that he or she has received. *See American Mortgage*

7   *Network*, 486 F.3d at 821 ("Clearly it was not the intent of Congress to reduce the

8   mortgage company to an unsecured creditor or to simply permit the debtor to

9   indefinitely extend the loan without interest.").

10       Plaintiffs' FAC's failure to allege any facts demonstrating their ability to

11  tender the loan proceeds is fatal to their TILA rescission claim. "The absence of a

12  sufficiently alleged . . . tender of loan proceeds dooms [their] TILA rescission

13  attempt to warrant its dismissal." *Rendon v. Countrywide Home Loans, Inc.*, 2009

14  WL 3126400 at *6 (E.D. Cal., Sept. 24, 2009); *see Angulo v. Countrywide Home*

15  *Loans, Inc.*, 2009 WL 3427179 at *4 (E.D. Cal., Oct. 26, 2009) ("The Plaintiffs . . .

16  cannot state a claim for rescission under TILA without at least alleging that they are

17  financially capable of tendering the loan proceeds."); *Lal v. American Home*

18  *Mortgage Servicing, Inc.*, 2009 WL 3126450 at *2 (E.D. Cal., Sept. 24, 2009)

19  (granting a motion to dismiss plaintiffs' TILA rescission claim where they "failed to

20  allege that they are ready and able to tender the loan proceeds.").

21       Nor does the order of tender set forth in section 1635 relieve Plaintiffs of their

22  obligation to allege facts demonstrating their financial ability to tender:

23       Ms. Garza correctly notes that 12 C.F.R. § 226.23(d) sets out
         procedural steps for TILA rescission. Ms. Garza appears to contend
24       that her complaint is her notice of rescission in that it alleges: "Plaintiff
         now gives effective notice to rescind the Transaction without further
25       notice, hereby surrenders the Property or its equivalent in value
         determined by application of all proceeds since origination ..." The
26       complaint references no prior notice of rescission.

27
         Ms. Garza's problem is that the complaint fails to address head on her
28       ability to tender loan proceeds. The complaint fails to hint that Ms.

-5-

MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT

1    Garza is able to fulfill her obligations under 15 U.S.C. § 1635(b) and
     12 C.F.R. § 226.23(d). **Rescission is an empty remedy without Ms.**
2    **Garza's ability to pay back what she has received (less interest,**
     **finance charges, etc.)**. The complaint lacks a necessary element of
3    Ms. Garza's TILA rescission claim. As such, the TILA rescission claim
     is dismissed with leave to amend to allege, **subject to F.R.Civ.P. 11(b)**
4    **requirements**, that Ms. Garza has the ability to tender and pay back
     what she has received.

5

6    *Garza*, 2009 WL 188604 at *5. Conclusory allegations of Plaintiffs' ability to

7    tender are insufficient to support this element of Plaintiffs' TILA rescission claim.

8    Ashcroft, 556 U.S. ___, (Slip op. at 14). As a result, Plaintiffs' TILA rescission

9    claim must be dismissed.[1]

10   B.    Plaintiffs' Unlawful And Unfair Business Practices Claim Is Preempted.

11        Plaintiffs allege that U.S. Bank violated California Business and Professions

12   Code section 17200 by failing to make various disclosures mandated by TILA

13   and/or making such disclosures in a misleading manner. (FAC ¶ 19.) Plaintiffs thus

14   seek to use section 17200 to recover money from U.S. Bank for what amount to

15   alleged TILA violations.

16        Plaintiffs, however, have not asserted a TILA damages claim under 15 U.S.C.

17   § 1640, nor could they insofar as the limitations period on such a claim has long

18   since run. Instead, Plaintiffs seek to use section 17200 as an end-run around TILA's

19   damages limitations period to recover money on an otherwise time-barred claim.

20   The law is clear that they cannot do so and, as a result, their second cause of action

21   should be dismissed.

22

23

24

---

25   [1]    To the extent Plaintiffs also seek damages as a result of U.S. Bank's alleged
     failure to honor their rescission notice, as the Court noted in its order granting
26   U.S. Bank's motion to dismiss Plaintiffs' original complaint, this claim fails if
     Plaintiffs' TILA rescission claim fails. (Doc. No. 12 at 4.) If Plaintiffs seek
27   damages for TILA disclosure violations, those claims are time-barred for the
     reasons discussed below.

28

-6-

MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT

1          1.       Any TILA damages claim Plaintiffs might bring is time-barred.

2          The allegations in the FAC demonstrate that any TILA damages claim

3   Plaintiffs might bring based on loan-related disclosures would be time-barred.  A

4   TILA damages claim must be brought "within one year from the date of the

5   occurrence of the violation."  15 U.S.C. § 1640(e).  In the Ninth Circuit, this

6   limitations period runs from the date the loan transaction is consummated.  *See King*

7   *v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986).

8          Here, Plaintiffs admit that the loan transaction was consummated on July 26,

9   2006.  (FAC ¶ 6.)  Plaintiffs did not file their original complaint until July 27, 2009,

10  long after the TILA damages limitations period had run on July 26, 2007.  Thus, any

11  TILA damages claim Plaintiffs might bring based on the alleged disclosure

12  violations they attempt to challenge with their section 17200 claim would be time-

13  barred.

14         2.       California law is preempted to the extent Plaintiffs seek to use it to

15                  circumvent federal limitations periods imposed on TILA damage

16                  claims.

17         Congress's power to preempt state law flows from the Supremacy Clause of

18  the United States Constitution.  U.S. Const., Art VI, cl.2; *Cipollone v. Liggett*

19  *Group, Inc.*, 505 U.S. 504, 516 (1992).  There are three different types of federal

20  preemption: (1) express preemption; (2) field preemption; and (3) conflict

21  preemption.  *Bank of America v. City and County of San Francisco*, 309 F.3d 551,

22  558 (9th Cir. 2002).  Congress may delegate its authority to preempt state laws to a

23  federal agency, as it did in this case through the Home Owners' Loan Act ("HOLA")

24  and the creation of the Office of Thrift Supervision ("OTS").  As the United States

25  Supreme Court settled conclusively in *Fidelity Fed. Sav.& Loan Ass'n v. de la*

26  *Cuesta*, in enacting the HOLA, Congress gave the OTS all the necessary authority to

27  promulgate regulations with the same preemptive force as direct congressional

28

-7-

MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT

1  legislation.  458 U.S. 141, 162-63 (1982).[2]  Pursuant to HOLA, the OTS has

2  promulgated broad regulations that govern the operations of every federal savings

3  and loan association, such as Defendant.  *Bank of America*, 309 F.3d at 558; 12

4  C.F.R. ch. V, pts. 500-591.

5         One of those regulations, 12 C.F.R. § 560.2, provides that state laws may not

6  regulate a federal thrift's lending activities.  Section 560.2 provides, in pertinent part

7  that:

8         OTS hereby occupies the entire field of lending regulation for federal
       savings associations.  OTS intends to give federal savings associations
9      maximum flexibility to exercise their lending powers in accordance
       with a uniform federal scheme of regulation.  ***Accordingly, federal***
10     ***savings associations may extend credit as authorized under federal***
       ***law, including this part, without regard to state laws purporting to***
11     ***regulate or otherwise affect their credit activities . . .***

12

13  12 C.F.R. § 560.2(a) (emphasis supplied).  Among the specific examples of the

14  types of state laws that are preempted under section 560.2, are any state laws that

15  purport to regulate a thrift's loan-related disclosure obligations.  12 C.F.R. §

16  560.2(b)(9); *Silvas v. E\*Trade Mortg. Corp.*, 421 F.Supp.2d 1315, 1319-20 (S.D.

17  Cal. 2006) (holding that plaintiffs' unfair competition law claims were preempted

18  because they sought to regulate a lender's conduct in connection with its TILA

19  disclosures) *aff'd* 514 F.3d 1001 (9th Cir. 2008).[3]

20  ───────────────

    [2]   Generally, the preemption analysis begins with a presumption against
21     preemption.  However, where a state seeks to regulate a particular area of the
       law that has had a significant federal presence, the presumption against
22     preemption is not triggered.  *United States v. Locke*, 529 U.S. 89, 108 (2000).
       Banking regulation is just such an area: "Congress has legislated the field of
23     banking from the days of *M'Culloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 325-
       26, 426-27, 4 L.Ed. 579 (1819), creating an extensive federal statutory and
24     regulatory scheme." *Bank of America*, 309 F.3d at 558.  Thus, no presumption
       against preemption arises when a state law regulates the banking industry. *Id.* at
25     559 ("[B]ecause there has been a history of significant federal presence in
       national banking, the presumption against preemption of state law is
26     inapplicable.").

    [3]   The OTS' promulgation of this regulation did not exceed the authority Congress
27     delegated to it under HOLA. *American Bankers Ass'n v. Lockyer*, 239 F. Supp.
       2d 1000, 1011-12 (E.D. Cal. 2002).  Moreover, the OTS has concluded that even
28

-8-

1      In *Silvas*, the district court specifically considered and rejected what Plaintiffs

2  seek to do here:  Take advantage of the longer limitations period under section

3  17200 to seek relief for alleged TILA violations that would have otherwise been

4  time-barred.  421 F.Supp.2d 1315, 1320 (S.D. Cal. 2006), aff'd, *Silvas v E\*Trade*

5  *Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008).  There, the court held that the

6  plaintiffs' action was just "… an attempt to use California's UCL to regulate the

7  defendants' lending activities, to secure damages under state law for alleged TILA

8  violations where a federal cause of action was no longer available.  The application

9  of the UCL to Defendant … is therefore … preempted by section 560.2." *Id.*  The

10  same is true of Plaintiffs' claim in this case insofar as it is based on alleged TILA

11  violations and the Court should therefore dismiss it with prejudice.[4]

12                                      **IV.**

13                                **CONCLUSION**

14      For the foregoing reasons, U.S. Bank respectfully requests that the Court

15  grant its motion to dismiss Plaintiffs' FAC in its entirety.

16  November 20, 2009              SHEPPARD MULLIN RICHTER & HAMPTON LLP

17                          By        _/s/ J. Barrett Marum_

18                                  DANA J. DUNWOODY
                                   J. BARRETT MARUM
19                                 Attorneys for Defendant
20                          U.S. Bank National Association, Successor in
                             Interest to the Federal Deposit Insurance
21                          Corporation as Receiver for Downey Savings
22                               and Loan Association, F.A.

23

24  ————————————
    state laws that do no more than parrot TILA's requirements are preempted. *See*
25  *Silvas*, 421 F.Supp.2d at 1319 n. 2.

    [4]  Plaintiffs have not pled a section 17200 claim based on U.S. Bank's alleged
26  failure to properly respond to their TILA rescission notice, nor can they insofar
    as their TILA rescission claim fails for the reasons discussed above.  (Doc. No.
27  12 at 4) (holding that a plaintiff must assert a viable underlying violation of a
    law to bring a section 17200 claim).

28

                                      -9-