LINK: 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7122 GAF (SSx) | Date | December 28, 2009 |
|---|---|---|---|
| Title | Carla Giesen et al v. US Bancorp et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     **(In Chambers)**

**ORDER RE: MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

**I.
INTRODUCTION AND BACKGROUND**

On July 26, 2006, Carla Giesen and her husband Bryan Giesen ("Plaintiffs") entered into a closed-end consumer credit transaction wherein they refinanced the loan on their principal residence with Downey Savings & Loan, a then-active federal savings association which is now controlled by Defendant U.S. Bancorp ("USB"). (First Am. Compl. ("FAC") ¶ 6.) Defendant U.S. Century Mortgage ("USCM") brokered this transaction. (Id.) According to the terms of the transaction, the first trust deed, in the amount of $267,750, provided for an initial interest rate of 7.534% per annum. (Id. ¶ 7.) However, this rate was effective for only four days. (Id.) On August 1, 2006, the rate changed to a "teaser" rate of 3.2%. (Id.) The teaser rate then controlled for a period of one month. (Id.) On September 1, 2006, the rate changed again, and was calculated by adding 3.65% to the current index, adjusting every month thereafter. (Id.) Plaintiffs claim that the sudden increase in their loan's interest rate went unnoticed because the minimum monthly payment of $989.63 continued to be calculated at a rate less than the teaser rate of 3.2 percent, and any unpaid interest was added to the principal amount of the loan, a feature known as negative amortization. (Id.) Plaintiffs claim that this fluctuating interest rate was a "misleading business practice," and that USB and USM (collectively, "Defendants") coerced them into executing the loan through other "misleading business practices." (Id. ¶¶ 7-8.)

On July 24, 2009, Plaintiffs notified USB that they were rescinding their loan. (Id. ¶ 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7122 GAF (SSx) | Date | December 28, 2009 |
|---|---|---|---|
| Title | Carla Giesen et al v. US Bancorp et al | | |

Then, on July 27, 2009, Plaintiffs instituted the present lawsuit against Defendants in Los Angeles Superior Court. (Not. of Removal, Ex. A, ¶¶ 13-16.) On September 30, 2009, USB removed the case to federal court. (Not. of Removal.) On October 6, 2009, USB filed a motion to dismiss Plaintiffs' complaint. (Docket No. 5.) The Court granted USB's motion on November 3, 2009, but gave Plaintiffs leave to amend. (Docket No. 12.) Plaintiffs have now filed a First Amended Complaint asserting two causes of action: (1) rescission pursuant to the federal Truth in Lending Act ("TILA"); and (2) violation of California's Unfair Competition Law ("UCL"). (FAC ¶¶ 13-23.) Defendant USB moves to dismiss for failure to state a claim.

For the reasons set forth below, Defendant USB's motion is **GRANTED IN PART** and **DENIED IN PART**.

**II.
DISCUSSION**

**A. LEGAL STANDARD**

On a motion to dismiss brought pursuant to Rule 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe those facts and draw all reasonable inferences therefrom "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond doubt that the alleged facts, even if true, will not entitle the plaintiff to relief on the theories asserted. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560–61 (2007); Stoner, 502 F.3d at 1120–21; see also Cahill, 80 F.3d at 338.

**B. APPLICATION**

    **1. PLAINTIFFS' TILA CLAIMS**

TILA provides two possible remedies: rescission and damages. 15 U.S.C. §§ 1635, 1640.

    *a. Rescission*

Plaintiffs first seek rescission of the loan agreement between themselves and Defendant USB, claiming a right of rescission under 15 U.S.C. § 1635(a) of TILA. Plaintiffs' claim is based, in part, on allegations that "loans of this nature must conspicuously disclose Negative Amortization features in the Truth in Lending Act Disclosure Statement" and that the "Statement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7122 GAF (SSx) | Date | December 28, 2009 |
|---|---|---|---|
| Title | Carla Giesen et al v. US Bancorp et al | | |

provided to Plaintiffs...makes no mention of the fact that the loan will Negatively Amortize." (FAC ¶ 9.)

Rescission under TILA requires that a plaintiff allege that he can or will tender the borrowed funds back to the lender. Shelley v. Quality Loan Serv. Corp., 2009 WL 1740904, *2 (C.D. Cal 2009) (citing Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (finding that "rescission should be conditioned on repayment of the amounts advanced by the lender")). In Yamamoto, the Ninth Circuit recognized that "a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender." Yamamoto, 329 F.3d at 1171 (quoting Ljepava v. M.S.S.C. Properties, Inc., 511 F.2d 935, 944 (9th Cir. 1975)). In deciding whether to condition rescission, a district judge should look to the "equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act." Id. (citing Palmer v. Wilson, 502 F.2d 860, 862 (9th Cir. 1974)). Thus, in cases where there is an absence of egregious conduct on the part of the lender, a district court has the discretion to condition a rescission claim on the ability to tender. See Yamamoto, 329 F.3d at 1171. The court may "at any time during the rescission process...impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required by the act." Id. at 1172 (citing S. Rep. No. 368, 96th Cong., 2d Sess. 29 (1980).)

Here, Plaintiffs allege that after USB has complied with its obligations pursuant to 15 U.S.C. § 1635(b), they "will tender their proceeds (and have the ability to do so) given to them by Defendant USB in accordance with applicable statutes and case law." (FAC ¶ 16.)

Although Plaintiffs have alleged *an intent to* tender, USB argues that Plaintiffs must plead additional facts demonstrating their ability to tender the loan proceeds. (Mem. at 5.) USB cites numerous cases in California district courts for the proposition that plaintiffs must allege factual allegations to show an actual ability to tender. Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 706 (N.D. Cal. 2009); Rendon v. Countrywide Home Loans, Inc., 2009 WL 3126400, *6 (E.D. Cal. 2009); Lal v. American Home Mortgage Servicing, Inc., 2009 WL 3126450, *2 (E.D. Cal. 2009); Garza v. American Home Mortgage, 2009 WL 188604, *5 (E.D. Cal. 2009). However, in these cases, the plaintiffs had failed to even allege tender in the first instance. See Mangindin, 637 F. Supp. 2d at 706 ("notably absent from Plaintiffs' Complaint is any allegation that they attempted to tender"); Rendon, 2009 WL 3126400, *7 (noting "complaint's silence on Mr. Rendon's tender of the rescission balance"); Lal, 2009 WL 3126450, *2 ("Plaintiffs have failed to allege that they are ready and able to tender the loan proceeds"); Garza, 2009 WL 188604, *5 ("Ms. Garza's problem is that the complaint fails to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7122 GAF (SSx) | Date | December 28, 2009 |
|---|---|---|---|
| Title | Carla Giesen et al v. US Bancorp et al | | |

address head on her ability to tender loan proceeds."). This Court is now considering a claim by plaintiffs who allege *an intent to* tender, but do not plead any additional facts to demonstrate they can or will have the ability to tender.

In Benham v. American Servicing Co., 2009 WL 4456386 (N.D. Cal. Nov. 30, 2009), the court dismissed a plaintiff's TILA rescission claim "with leave to amend in order to allow Plaintiff to make a showing of her ability to tender the loan amount." 2009 WL 4456386 at *2. Similarly, in Del Valle v. Mortgage Bank of California, 2009 WL 3786061 (E.D. Cal. Nov. 10, 2009), the court held that the plaintiffs "must plead facts from which it may be ascertained, consistent with Rule 11, Federal Rules of Civil Procedure, that they have the present ability to tender the loan payments." 2009 WL 3786061 at *8. The Court agrees with Benham and Del Valle, and notes that it has discretion, "at any time in the rescission process," to "impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations" under TILA. Yamamoto, 329 F.3d at 1172. The Court will therefore exercise its discretion and require Plaintiffs to plead facts, consistent with Rule 11, showing an ability to tender in their complaint. Because Plaintiffs presently allege merely an ability to tender, and do not provide any additional averments of fact on this issue, Defendants' motion to dismiss the TILA rescission claim is **GRANTED** and the claim is **DISMISSED** with leave to amend.

      *b. Damages*

An individual plaintiff may seek actual or statutory damages for a creditor's violation of TILA. 15 U.S.C. § 1640(a). Any such claim must be brought "within one year from the date of the occurrence of the violation." Id. § 1640(e). The "general rule" in the Ninth Circuit is that "the limitations period starts at the consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986).

Plaintiffs' complaint seeks damages under TILA only with respect to USB's failure to properly respond to Plaintiffs' rescission notice. (FAC at 8; Opp. at 6.) Plaintiffs claim that a rescission letter was sent to USB on July 24, 2009, and an additional letter was sent on July 27, 2009, but "to date, no response has been received by counsel for Plaintiffs in response to this letter." (FAC ¶ 11; Id. at 8; Opp. at 6.) Plaintiffs therefore argue that they have brought a valid claim for TILA damages based only on USB's failure to properly respond to the rescission notice. (Opp. at 6.)

In Horton v. California Credit Corp., 2009 WL 2488031 (S.D. Cal. Aug. 13, 2009), the court considered a claim where "Plaintiffs allege they are entitled to damages because Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7122 GAF (SSx) | Date | December 28, 2009 |
|---|---|---|---|
| Title | Carla Giesen et al v. US Bancorp et al | | |

failed to respond to their rescission notice." 2009 WL 2488031 at *10. The court noted that "Plaintiffs' notice of rescission was timely if, as they allege, Defendant did not provide required transaction documents" and Plaintiffs sent a notice of rescission within three years after the transaction was consummated, in compliance with section 1635. Id. Where the defendant "refus[ed] to rescind the loan following Plaintiffs' [timely] request" and this refusal "occurred less than a year before Plaintiffs filed their claim for TILA damages," the claim for refusal-related statutory damages "was not time-barred." Id.

Horton cited Rowland v. Novus Financial Corp., 949 F. Supp. 1447 (D. Hawaii 1996). In Rowland, the court determined that under "15 U.S.C. § 1640, a creditor may be liable for damages if it fails to respond to the debtor's notice of rescission as required under 15 U.S.C. § 1635." 949 F. Supp. at 1455. The court reasoned that under section 1635, "creditors shall rescind [a] loan within twenty days of receiving the obligor's notice of rescission," and under "Section 1640...creditors may be subject to damages if they 'fail to comply with any requirement imposed under § 1635.'" Id.; see also 15 U.S.C. § 1635(b). The one-year statute of limitations on TILA damages claims in a failure-to-respond case begins on the date "on which Defendant failed to respond to Plaintiff's rescission." Id.

Returning to the present case, Plaintiffs' FAC alleges that they provided a notice of rescission to USB on July 24, 2009, a time within the three-year rescission-rights period in inadequate-disclosure cases. (FAC ¶ 11.) Plaintiffs then plead Defendants' "failure to respond properly to their rescission notice" (FAC at 8.), and they state in their opposition that Defendants have yet failed to respond to the rescission notice. (Opp. at 6.) Under Horton and Rowland, a claim for TILA damages on a failure-to-respond theory will lie in these circumstances; the claim is not time-barred because Plaintiffs have filed their claim within one year after the Defendants' alleged failure to respond. Defendant USB's motion to dismiss is therefore **DENIED**.

**2. PLAINTIFFS' UCL CLAIM**

Plaintiffs finally claim that USB and USCM have violated California's Unfair Competition Law ("UCL"). Plaintiffs base their claim on three predicate averments: Defendant USB "advertised its loans as low interest loans with the intent to mislead Mr. and Mrs. Giesen"; Defendant USB "was aware that the loans which it was purchasing and servicing contained a misleading clause designed to mislead Mr. and Mrs. Giesen," presumably referring to the misleading "teaser" rate and clause; and "Defendant USB placed Plaintiffs in a Negatively Amortized loan knowing that it was unclear that loan had a negatively amortizing feature....violati[ng]...the Truth in Lending Act." (FAC ¶¶ 18-19.) Thus, the UCL predicate acts in this case all sound in claims for (1) false advertising; (2) TILA disclosure violations; and (3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7122 GAF (SSx) | Date | December 28, 2009 |
|---|---|---|---|
| Title | Carla Giesen et al v. US Bancorp et al | | |

misrepresentations and inadequacies in the loan documents themselves.

In Silvas v. E*Trade Mortgage Corp., 421 F. Supp. 2d 1315 (S.D. Cal. 2006), affirmed, 514 F.3d 1001 (9th Cir. 2008), the court considered very similar issues. In that case, plaintiffs had sought disgorgement remedies under the UCL for false advertising and misrepresentations in advertisements and loan disclosures; the plaintiffs also sought disgorgement under the UCL for underlying TILA violations "for which the [damages] statute of limitations ha[d] already run." Silvas, 421 F. Supp. 2d at 1317, 1320. E*Trade Mortgage Corp., which was the defendant in Silvas, argued that because it was a federal savings and loan association, the UCL claims against it were preempted pursuant to 12 C.F.R. § 560.2 and the Home Owners' Loan Act ("HOLA").

Section 560.2 provides that the Office of Thrift Supervision ("OTS"):

hereby occupies the entire field of lending regulation for federal savings associations....Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities.

12 C.F.R. § 560.2(a); see also Silvas, 421 F. Supp. 2d at 1319.

The Silvas court noted that "Section 560.2...provides examples of specific types of state laws that are preempted" pursuant to HOLA and related regulations of the OTS in 12 C.F.R. § 560.2(b), and stated that these state laws include "any state law that imposes any requirements regarding loan related fees or disclosure and advertising." Id. A review of the relevant regulation confirms this finding. See 12 C.F.R. §560.2(b)(9). The Silvas court concluded that while "Plaintiffs' UCL claims [based on false advertising, misrepresentations in loan disclosures, and TILA disclosure violations] do not impose any substantive requirements on Defendant's lending activities beyond those already provided by federal law, they do provide state remedies for violations of federal law in a field preempted entirely by federal law. When federal law preempts a field, it does not leave room for the states to supplement it." Silvas, 421 F. Supp. 2d at 1319 (citing, inter alia, Pub. Util. Dist. No. 1 v. IDACOR, Inc., 379 F.3d 641, 648-49 (9th Cir. 2004).).

Defendant USB argues that Silvas should apply to bar Plaintiffs' similar UCL predicate claims, and notes that—as in Silvas—the TILA-damages statute of limitations has already run. (Reply at 6-7; Mot. at 8-9.) Plaintiffs respond that USB is a national bank, not a federal savings association—as E*Trade was in Silvas—and that the Silvas preemption analysis is therefore inapposite. (Opp. at 7.) However, USB replies that "U.S. Bank is the successor-in-interest to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7122 GAF (SSx) | Date | December 28, 2009 |
|---|---|---|---|
| Title | Carla Giesen et al v. US Bancorp et al | | |

Downey Savings [a federal savings association] with respect to Plaintiffs' loan....[Downey's] disclosure obligations...at the time the loan was originated were governed by TILA" and the OTS regulations at issue in Silvas. (Reply at 8-9.)

The Court finds this argument persuasive; however, it notes that even if it were to consider a UCL claim against USB-qua-national bank, federal law preempts state regulation of national banks in a strikingly similar fashion to the OTS regulations regarding federal savings associations.  Compare 12 C.F.R. 34.4(a)(9) (stating that "a national bank may make real estate loans...without regard to state law limitations concerning...Disclosure and advertising") with 12 C.F.R. 560.2(a)-(b) (stating that "federal savings associations may extend credit...without regard to state laws purporting to regulate them" and including as examples "Disclosure and advertising" laws.).

Finally, Plaintiffs cite Gibson v. World Savings & Loan Ass'n, 103 Cal. App. 4th 1291 (2002), and Fenning v. Glenfed, Inc., 40 Cal. App. 4th 1285 (1995), to the effect that "a UCL action based on deceptive business activities by a federal thrift [is] not preempted by HOLA" and section 560.2.  (Opp. at 9.) The Silvas court addressed arguments citing these precise cases and stated that Gibson and Fenning involved "predicate acts [for breach of contract and fraud unrelated to the defendant's lending practices] that were violations of the general legal duties with which every business must comply," and did not "dictate a different result" on the UCL-preemption issue. Silvas, 421 F. Supp. 2d at 1320. In any event, Silvas stated, Gibson and Fenning were "state decisions interpreting federal preemption law" and thus not binding on federal courts. Id.

The Court is persuaded that the reasoning in Silvas applies in the present case; therefore, as to Plaintiffs' UCL claim based on theories of (1) false advertising; (2) TILA disclosure violations; and (3) misrepresentations and inadequacies in the loan documents, Defendants' motion to dismiss is **GRANTED** and the claims are **DISMISSED** with prejudice.

### III.
### CONCLUSION

Defendants' motion to dismiss claims in the FAC as against Defendant USB is **GRANTED IN PART** and **DENIED IN PART.**   Plaintiffs' TILA rescission claim is **DISMISSED** with leave to amend no later than **January 15, 2010**.  The UCL claim against USB is **DISMSSED** with prejudice, to the extent Plaintiffs rely on false advertising, TILA disclosure violations, and loan-document misrepresentations as UCL predicate claims.

LINK: 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7122 GAF (SSx) | Date | December 28, 2009 |
|---|---|---|---|
| Title | Carla Giesen et al v. US Bancorp et al | | |

**IT IS SO ORDERED.**