OFFICE OF THE GENERAL COUNSEL
ERIC M. ALDERETE, CAL BAR NO. 199565
Eric.alderete@usbank.com
U.S. BANK NATIONAL ASSOCIATION
3121 Michelson Drive, 5th Floor
Irvine, CA  92612
Telephone:  949-798-6781
Facsimile:   949-798-4258'

DANA J. DUNWOODY, Cal. Bar No. 119696
ddunwoody@sheppardmullin.com
J. BARRETT MARUM, Cal. Bar No. 228628
bmarum@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
501 West Broadway, 19th Floor
San Diego, California  92101-3598
Telephone:  619-338-6500
Facsimile:   619-234-3815

Attorneys for Defendant
U.S. Bank National Association, Successor in
Interest to the Federal Deposit Insurance
Corporation as Receiver for Downey Savings
and Loan Association, F.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA GIESEN, an individual; and BRYAN GIESEN, an individual,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>U.S. BANCORP (f/k/a Downey Savings and Loan), a Delaware Corporation; U.S. CENTURY MORTGAGE, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 09-cv-7122-GAF (SSx)<br><br>**U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Date:     March 1, 2010<br>Time:    9:30 a.m.<br>Crtrm.:   740<br><br>Hon. Gary A. Feess<br><br>[Complaint Filed: July 27, 2009] |

U.S. Bank National Association, Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A. ("U.S. Bank") hereby submits its memorandum of points and authorities in support of its motion to dismiss Plaintiffs' Second Amended Complaint ("SAC") for failure to state a claim as follows:

## I.
## INTRODUCTION

Plaintiffs' SAC is as flawed as each of the versions that preceded it. Plaintiffs' amendment has done nothing to remedy the deficiencies identified by U.S. Bank in its motion to dismiss their First Amended Complaint. Thus, Plaintiffs' SAC should be dismissed for the reasons outlined below.

The fundamental flaw with Plaintiff's first claim for relief, for rescission pursuant to the Truth in Lending Act ("TILA"), is that Plaintiffs still have not alleged facts demonstrating their present financial ability to tender the loan proceeds. Plaintiffs allege only that they are "capable and willing to participate in a modified tender arrangement with Defendant USB via either monthly or installment payments." (SAC ¶ 18.) TILA rescission is not a device designed to provide a borrower with what amounts to a loan modification on the pretense that the borrower is satisfying his or her tender obligations under TILA and unsurprisingly, courts throughout California have rejected this approach to "tender" under TILA.

Plaintiffs' failure to allege facts showing their present ability to tender the full amount of the loan proceeds mandates dismissal of their TILA rescission claim. Given the number of opportunities Plaintiffs have had to amend their complaint, dismissal should be with prejudice.

Plaintiffs' second claim for relief also fails because it seeks a declaration contrary to TILA tender law. In their second cause of action, Plaintiffs ask for a declaration regarding the amount they must tender and the format of such tender. Tender under TILA requires Plaintiffs to tender the loan proceeds less interest and

-1-

fees. Moreover, tender under TILA does not allow borrowers to make payments over time. Because the amount and method of tender is set by law, Plaintiffs' declaratory relief claim fails to state a claim and should be dismissed.

## II.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all properly pled factual allegations and must construe them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), *cert denied*, 538 U.S. 921 (2003). While the allegations of the complaint are generally accepted as true, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] plaintiff's obligation to provide 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal quotation and citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Further, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

1 "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (9th Cir. 2001). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950 (emphasis added).

## III.

## DISCUSSION

A. <u>Plaintiffs' TILA Rescission Claim Must Be Dismissed For Their Failure To Allege Facts Demonstrating Their Ability To Tender The Loan Proceeds.</u>

Plaintiffs' claim that U.S. Bank violated TILA by allegedly failing to properly disclose the negative amortization features of their loan. (SAC ¶ 17.) Based upon this violation, Plaintiffs purport to have cancelled their loan via a July 24, 2009 letter sent by their attorney to U.S. Bank. (SAC ¶ 13.)

To obtain rescission pursuant to TILA, "an obligor shall tender the property to the creditor." 15 U.S.C. § 1635(b). That is, "prior to ordering rescission based on a lender's alleged TILA violations, a court may require borrowers to prove ability to repay loan proceeds." *Garza v. American Home Mortgage*, 2009 WL 188604 at *4, (E.D. Cal., Jan. 27, 2009) (granting motion to dismiss where the complaint failed to sufficiently allege facts demonstrating the plaintiff's ability to repay the loan proceeds). "[R]escission should be conditioned on repayment of the amounts advanced by the lender." *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003); *see LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976) ("[T]he district court erred in not conditioning rescission on the tender of the net amounts advanced by the [lender]."). If the borrowers are "unable to tender the loan proceeds, the remedy of unconditional rescission [is] inappropriate." *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007).

Plaintiffs do not allege that they have tendered the remaining loan proceeds, nor do they provide any facts to support their conclusory allegation that they have the ability to do so. The best they do is plead that, "Plaintiffs . . . have the ability to tender the proceeds given to them by Defendant USB in accordance with applicable statutes and case law. Plaintiffs are both capable and willing to participate in a modified tender arrangement with Defendant USB via either monthly or installment

-4-

payments." (SAC ¶ 18.) The law is clear that this allegation regarding Plaintiffs' ability to tender is insufficient.

California district courts have rejected borrowers' attempts to use TILA rescission as a means to obtain a loan modification. *See Kamp v. Aurora Loan Services*, 2009 WL 3177636, *2 (C.D. Cal., Oct. 1, 2009) (rejecting the plaintiff's "tender" offer to make monthly payments on modified loan terms as "insufficient for purposes of rescission" under TILA, and dismissing the plaintiff's TILA claim for failing "to allege that they can or will tender the borrowed funds back to the lender" in one lump amount); *Kratz v. Countrywide Bank*, 2009 WL 3063077, *6 (C.D. Cal., Sept. 21, 2009) ("Plaintiffs may not demand TILA rescission while also asking this Court for some alternative, so-called 'equitable' remedy . . ." that would result in payments over time on more favorable terms). As the Court in *Nichols v. Greenpoint Mort. Funding Inc.*, 2008 WL 3891126, *5 (C.D. Cal., Aug. 19, 2008) noted "[r]escission is not a means to create highly favorable loan terms for the party seeking rescission. <u>Instead, it is a means to return the parties to the *status quo ante*, as if the loan never existed.</u>" *Id.* (emphasis supplied). Plaintiffs' allegation that they are capable of tendering the loan proceeds over a period of time is thus insufficient as a matter of law to plead their ability to tender.

Dismissal with prejudice of Plaintiffs' TILA rescission claim is appropriate at this point. Plaintiffs still have not sufficiently alleged tender, despite having filed three different complaints. Plaintiffs have had enough opportunities to fix their defective pleading and U.S. Bank requests that the Court dismiss their rescission claim with prejudice.

B. <u>Plaintiffs' Declaratory Relief Claim Should Be Dismissed.</u>

Plaintiffs' declaratory relief claim seeks a declaration regarding the amount Plaintiffs must tender and the specific format by which they must do so. As discussed above, to effect rescission, Plaintiffs must tender the loan proceeds they received less any fees or interest they paid to U.S. Bank over the life of the loan.

-5-

1 | Moreover, they may not make this tender in installments or on a monthly basis as
2 | they have requested. Because the law regarding tender is clear, the Court should
3 | dismiss Plaintiffs' declaratory relief claim.

## IV.

## CONCLUSION

For the foregoing reasons, U.S. Bank respectfully requests that the Court grant its motion to dismiss Plaintiffs' SAC in its entirety.

Dated: February 3, 2010        SHEPPARD MULLIN RICHTER & HAMPTON LLP

By        /s/ J. Barrett Marum
          DANA J. DUNWOODY
          J. BARRETT MARUM
          Attorneys for Defendant
          U.S. Bank National Association, Successor in
          Interest to the Federal Deposit Insurance
          Corporation as Receiver for Downey Savings
          and Loan Association, F.A.